IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMMERSON A. GATEWOOD, #260 496, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-177-MHT |
| ) | [WO] |
| JEFFERSON DUNN, ) | |
| PRISON COMMISSIONER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this removal action, Plaintiff, an inmate incarcerated at the Donaldson Correctional Facility alleges violations of his Eighth Amendment rights stemming from an inmate assault on July 17, 2017, and overcrowding at the institution. The Donaldson Correctional Facility is in Bessemer, Alabama. Bessemer, Alabama, is within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.

## I. DISCUSSION

Initially, the court notes Defendants Bolling and Mason have indicated a desire not to join in or consent to removal of this action.[1] Doc. 13. Under 28 U.S.C. § 1446(b)(2)(A) all defendants named in the complaint "must join in or consent to removal of the action" to properly effectuate

---

[1] Defendant Dunn filed a notice of removal with this court on March 16, 2018. Doc. 1. Defendant Dunn conceded in the Notice of Removal that Defendants Bolling and Mason had not been served with the complaint. Doc. 1-1 at 7. In accordance with the prior proceedings and orders of the court, Defendants Bolling and Mason were subsequently served with the complaint. *See* Docs. 9, 10, 11.

removal to this court. However, a co-defendant's lack of consent to removal is a procedural—not jurisdictional-—issue, and "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). *See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.,* 254 F.3d 1317, 1319–21(11th Cir. 2001).[2] Because the removal issue in this proceeding is procedural, not jurisdictional (the court has jurisdiction as Plaintiff clearly presents constitutional claims), the court cannot *sua sponte* remand it to state court. Thus, Defendants Bolling's and Mason's expressed desire to not join in the removal of this action is of no consequence to further proceedings in this court. *Id.*

The complaint is a challenge to the conditions of confinement at the Donaldson Correctional Facility, namely overcrowding and understaffing, which Plaintiff alleges led to his assault by three other inmates. Under 28 U.S.C. § 1391 a civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The statute further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a).

---

[2] On April 30, 2018, Defendants Bolling and Mason responded to the court's April 18, 2018, order advising they do not wish to join in or consent to the removal of this action. Doc. 13. Even if the April 30 response could be considered a motion to remand, the motion was not timely because it was filed more than thirty days after Defendant Dunn filed notice of removal. 28 U.S.C. § 1447(c).

Plaintiff complains about actions that occurred at the Donaldson Correctional Facility in Bessemer, Alabama, which is within the jurisdiction of the United States District Court for the Northern District of Alabama. *See* Doc. 3-1. Thus, the majority of material witnesses and evidence associated with those claims relevant to Plaintiff's allegations are located in the Northern District of Alabama. While Defendant Dunn resides in the Middle District of Alabama, as the Commissioner for the Alabama Department of Corrections, he is subject to service of process throughout the State and commonly defends suits in all federal courts of the State. In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404(a).

It is further

ORDERED that **on or before September 3, 2018**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or

adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 20th day of August, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE